IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY K. HUNG (deceased), LI CHING CHU, and ROBERT CHING LIANG HUNG, individually and as successors in interest to Cindy K. Hung (deceased),<br><br>Plaintiffs,<br><br>v.<br><br>TRIBAL TECHNOLOGIES and GLENBOROUGH 400 ECR, LLC, a California Limited Liability Company, Does 1 through 100, inclusive,<br><br>Defendants. | No. C 11-04990 WHA<br><br>**ORDER GRANTING MOTIONS TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION** |

**INTRODUCTION**

In this wrongful death action, defendants, via two separate motions, move to dismiss the complaint for lack of subject-matter jurisdiction. One defendant also seeks to dismiss for failure to state a claim. For the reasons stated below, both motions to dismiss are **GRANTED**.

**STATEMENT**

Plaintiff Cindy Hung (deceased) and plaintiffs Robert Ching Liang Hung and Li Ching Chu, individually and as successors in interest to Cindy Hung, filed this action in federal court on October 11, 2011. Plaintiffs named as defendants Tribal Technologies, employer of decedent, Glenborough 400 ECR, LLC, operator of the breeze way area of the building where decedent's body was found, and Does 1 through 100, inclusive, the individuals who allegedly beat decedent to death (Compl. ¶¶ 6–8, 18). The complaint alleges eight state claims for relief: (1) assault;

(2) battery; (3) intentional infliction of emotional distress; (4) negligence; (5) negligent supervision and retention; (6) premise liability; (7) wrongful death; and (8) survival action.

On or about October 6, 2011, less than a week before filing this action, plaintiffs also filed an action in the San Mateo County Superior Court, alleging the same state claims for relief.

Plaintiffs Robert Hung and Chu were parents of plaintiff Cindy Hung. Both Mr. Hung and Ms. Chu are citizens of Taiwan. They are the heirs and successors to Ms. Hung, whose body was discovered on or about October 21, 2010, at her workplace located at 400 South El Camino Real in San Mateo (*id.* at ¶¶ 4–5).

Defendant Tribal Technologies is a software developer and former employer of Ms. Hung. Tribal Technologies is a Delaware corporation with its principal place of business at 400 South El Camino Real in San Mateo. A "vast majority of [Ms. Hung's] co-workers were foreign nationals" present on working visas (*id.* at ¶¶ 6, 27).

Defendant Glenborough 400 ECR, LLC, is a Delaware corporation that "operates and continues to operate an office building located at 400 El Camino Real in . . . San Mateo." Ms. Hung's body was found in the breeze way area of this building (*id.* at ¶¶ 7, 18).

Plaintiffs are "ignorant of the true names and capacities of defendants sued in this complaint as Does 1 through 100, and each of them, and therefore sue these defendants by such fictitious names." Nevertheless, plaintiffs allege that "defendants Does 1 through 100, and each of them were individuals or business entities, form unknown, who resided or did business in the State of California." Plaintiffs aver that "each fictitiously-named defendant is negligent or otherwise responsible in some manner for the occurrences alleged in this complaint" (*id.* at ¶¶ 8, 9).

Plaintiffs aver that defendants were "willful and wanton" and "demonstrated a conscious and deliberate disregard for human life and dignity of others by knowingly and willfully creating a systematic pattern of abuse and sexual harassment." Each of the defendants "was the agent and employee of each of the other remaining defendants . . . acting within the course and scope of this agency and employment, and each defendant has ratified and approved the acts of its agent or employee." Further, each defendant was a "successor-in-interest to each of the remaining

2

1  defendants and on that basis is liable for any defendant's act or omission alleged in this
2  complaint" (*id.* at ¶¶ 10–11, 37).

3  On October 21, 2010, Ms. Hung's body was found on the rooftop of the side breeze way
4  of the building where she worked, located at 400 South El Camino Real (*id*. at ¶ 12). Prior to her
5  death, on or about February 2010, Ms. Hung began complaining to her mother, Ms. Chu, about
6  being sexually harassed by defendant John Doe No. 1, her immediate supervisor. Defendant John
7  Doe No. 1 asked Ms. Hung to go out on a date. She refused. He told Ms. Hung that if she told
8  anyone he had asked her out on a date she would lose her job. Defendant John Doe No. 1 made
9  life difficult for Ms. Hung by engaging in a pattern of emotional abuse and creating a hostile work
10 environment (*id.* at ¶¶ 20–23).

11 Ms. Hung complained of defendant Jane Doe No. 1, a Russian woman who allegedly
12 engaged in sexual relations with defendant John Doe No. 1. Defendant Jane Doe No. 1 also
13 contributed to the hostile work environment (*id.* at ¶ 24).

14 Ms. Hung also complained to her mother, Ms. Chu, about defendant John Doe No. 2, a
15 Chinese national working for defendant Tribal Technologies. He solicited Ms. Hung for help
16 with his taxes. Ms. Hung recommended that he go to a tax consultant. Thereafter, he became
17 hostile towards her (*id.* at ¶ 25).

18 Plaintiffs allege that Does 1 though 100 are employees of defendant Tribal Technologies.
19 They murdered Ms. Hung and dumped her body in the breeze way area of the building located at
20 400 El Camino Real, operated by defendant Glenborough 400 ECR, LLC. After beating Ms.
21 Hung unconscious and dumping her body in the breeze way, Does 1 through 100 attempted to
22 conceal their crime by giving false information to the coroner's office and police investigators.
23 The pathologist who performed the autopsy of Ms. Hung's body, plaintiffs allege, was incorrect
24 in concluding Ms. Hung was a drug addict and anorexic. Plaintiffs seek another opinion (*id*. at ¶¶
25 16–18, 29, 33).

26 Defendant Glenborough 400 ECR, LLC, has filed a motion to dismiss based on lack of
27 subject-matter jurisdiction and failure to state a claim, or in the alternative, to stay the action
28 pending resolution of the state court action. Defendant Tribal Technologies has filed a motion to

1 dismiss the complaint for lack of subject-matter jurisdiction. Both motions are considered herein.
2 Defendants Glenborough 400 ECR, LLC, and Tribal Technologies contend that the inclusion of
3 Doe defendants destroys complete diversity and that subject-matter jurisdiction is therefore
4 lacking. The order concludes that subject-matter jurisdiction is not sufficiently plead. As such,
5 there is no need to reach defendant Glenborough 400 ECR, LLC's argument regarding failure to
6 state a claim or their request in the alternative for a stay of the federal action.

**ANALYSIS**

Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction must be affirmatively alleged. *Bautista v. Pan Am. World Airlines*, 828 F.2d 546, 552 (9th Cir. 1987). Generally, federal subject-matter jurisdiction may be established where the claims raise a federal question or where there is diversity of parties. The burden of establishing diversity jurisdiction falls on the party asserting it. *Kokkonen*, 511 U.S. at 377.

Plaintiffs claim jurisdiction based on diversity of citizenship. Diversity must exist at the time the lawsuit was filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004). And complete diversity is required. "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. 1332(a). A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. 1332(c)(1). For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP, et al.*, 437 F.3d 894, 899 (9th Cir. 2006).

Plaintiffs Robert Hung and Chu are citizens of Taiwan (Compl. ¶¶ 4–5). Plaintiffs allege defendant Tribal Technologies is a Delaware corporation with its principal place of business in California and that defendant Glenborough 400 ECR, LLC, is a Delaware corporation (*id.* at ¶¶ 6–7). However, plaintiffs do not allege the citizenship of defendant Glenborough 400 ECR, LLC's owners/members. Plaintiffs further allege that they are "ignorant of the true names and

4

capacities of defendants sued in this complaint as Does 1 through 100," and that "Does 1 through 100, and each of them were individuals or business entities, form unknown, who resided or did business in the State of California" (*id.* at ¶¶ 8–9).

Our court of appeals has held that inclusion of Doe defendants destroys the complete diversity requirement. *Garter-Bare Co. v. Munsingwear, Inc*., 650 F.2d 975, 981 (9th Cir 1981). In *Molnar v. National Broadcasting, Co., et al.,* plaintiff alleged that she was a resident and citizen of California and that defendant National Broadcasting Company was a citizen of Delaware. 231 F.2d 684, 685 (9th Cir. 1956). The complaint also named as defendants Does 1 through 10 and alleged that they were Delaware citizens. Nonetheless, the district court concluded that the complaint lacked allegations of complete diversity.[*]

Our court of appeals stated (*id*. at 687):

> This attempt to join fictitious defendants is said to be justified in California practice. However that may be, no one of the Rules of Civil Procedure under which federal courts operate gives warrant for the use of such a device. While the Federal Rules of Civil Procedure are not universally inclusive of all possible colorings of practice, no justification can be found therein for a violation of jurisdictional principles. The methods used by the common law to extend jurisdiction of particular courts cannot be tolerated under the federal Constitution. The national trial courts are of special jurisdiction. At the outset of every proceeding there, jurisdiction should be established by allegation of essential facts.

*Molnar* further instructed (*id.* at 686–87):

> If the identity of defendants were known so that the pleader could state they were citizens [of a particular state], [plaintiff] could also state their names and allege what part each had in the [actions alleged]. But, if the allegation that they are citizens of [a particular state] be, as on the face of the complaint it is, unfounded guesswork, the jurisdiction of the court is not established.

Allegations establishing jurisdiction must be precise. Where defendants are named as Does, the allegation of citizenship is "illusory." *Ibid.*

---

[*] Plaintiffs contend that the jurisdictional question should be deferred until plaintiffs are able to substitute in the actual parties. For support, they rely on 28 U.S.C. 1441(a), which applies to cases removed from state court and states in relevant part, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." This order does not find plaintiffs' argument to be compelling. The law in our court of appeals is clear that diversity jurisdiction must be affirmatively alleged in the complaint and cannot be mere guesswork. *See Assurance Indus. Co., Inc. Snag., Inc.,* 2010 WL 4055925 at *2 n.2 (N.D. Cal. 2010) (Armstrong, J.) ("[N]either *Garter-Bare* nor *Molnar* have been overruled. As such, those cases remain binding on this Court").

5

Whereas here, plaintiffs have named as defendants "Does 1 through 100" complete diversity is destroyed. The fact that plaintiffs have alleged that the Doe defendants "were individuals or business entities, form unknown, who resided or did business in the State of California" does not satisfy plaintiffs' burden of establishing complete diversity, as this allegation of citizenship is "unfounded guesswork" (Compl. ¶ 9). Further there are not allegations sufficient to determine the citizenship of Glenborough 400 ECR, LLC. Thus, the complaint does not sufficiently plead subject-matter jurisdiction. As such, this order need not consider whether plaintiffs have failed to state a claim, but in their next pleading plaintiffs should plead their best case against defendant Glenborough 400 ECR, LLC, regarding premises liability.

**CONCLUSION**

For the foregoing reasons, defendant Tribal Technologies and Glenborough 400 ECR, LLC's, motions to dismiss for lack of subject-matter jurisdiction are **GRANTED**. Plaintiffs may seek to amend the complaint and will have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. Plaintiffs must append to their motion a proposed amended complaint. The motion should clearly explain how the amendments to the complaint cure the defects identified herein.

**IT IS SO ORDERED.**

Dated: January 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6