United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CINDY HUNG (deceased), LI CHING CHU, and ROBERT CHING LIANG HUNG, individually and as successors to Cindy Hung (deceased),

    Plaintiffs,

  v.

TRIBAL TECHNOLOGIES, GLENBOROUGH 400 ECR, LLC, a California Limited Liability Company, and Does 1 though 3, inclusive,

    Defendants.
                                       /

No. C 11-04990 WHA

**ORDER DENYING LEAVE TO FILE FIRST AMENDED COMPLAINT**

## INTRODUCTION

In this wrongful death action, plaintiffs move for leave to file an amended complaint. Because their proposed first amended complaint fails to cure the defects in the initial complaint, plaintiffs' motion is **DENIED**.

## STATEMENT

Plaintiff Cindy Hung (deceased) and plaintiffs Robert Ching Liang Hung and Li Ching Chu, individually and as successors in interest to Cindy Hung, filed this action in federal court on October 11, 2011. Plaintiffs named as defendants Tribal Technologies, employer of decedent, Glenborough 400 ECR, LLC, operator of the "breeze way" area of the building where decedent's body was found, and Does 1 through 100, inclusive, the individuals who allegedly beat decedent

to death. The complaint alleged eight state claims for relief: (1) assault; (2) battery; (3) intentional infliction of emotional distress; (4) negligence; (5) negligent supervision and retention; (6) premise liability; (7) wrongful death; and (8) survival action.

Less than a week before filing this action, plaintiffs also filed an action in the San Mateo County Superior Court, alleging the same state claims for relief.

On January 6, 2012, an order issued granting defendants' motion to dismiss for lack of subject-matter jurisdiction. The order granted defendants' motion for two reasons: (1) "plaintiffs d[id] not allege the citizenship of defendant Glenborough 400 ECR, LLC's owner/members," and (2) the "inclusion of Doe defendants destroy[ed] the complete diversity requirement." Plaintiffs were given 21 calendar days to seek leave to file an amended complaint.

Plaintiffs timely filed a proposed first amended complaint. In the amended complaint, Does 1 through 100 have been changed to Does 1 through 3. Also, defendants Does have been removed from the premise liability claim so that Glenborough remains as the only defendant in that cause of action, and a new claim for landlord's failure to protect has been made against only Glenborough. Defendants Tribal Technologies and Glenborough filed separate oppositions. Plaintiffs did not file a reply.

At the hearing on March 22, plaintiffs' counsel, who is decedent's sister, stated that she has been assigned as personal administrator of decedent's estate. She claimed that she is Canadian, lives in California, has a home in Canada, and does not have full-time employment in either Canada or California.

Plaintiffs' counsel also stated at the hearing that she does not do trial work. This Court explained to plaintiffs' counsel that it was doing everything it could to legitimately keep this suit in federal court. But because plaintiffs' counsel appeared not to understand subject-matter jurisdiction, this Court suggested that she seek the help of a lawyer experienced in federal litigation.

**ANALYSIS**

Under FRCP 15(a), leave to amend a complaint shall be freely given when justice so requires. This standard is applied liberally. However, in deciding whether to permit

2

amendment, a court may consider factors "such as undue delay . . . [and] repeated *failure to cure deficiencies* by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiffs fail for several reasons to properly amend their complaint.

### 1. DEFENDANTS DOES.

Plaintiffs only bring state law claims, and allege that the amount in controversy exceeds $75,000, so they must show complete diversity of citizenship to establish federal jurisdiction. 28 U.S.C. 1332(a). The order granting defendants' motion to dismiss for lack of subject-matter jurisdiction held that the presence of defendants Does in the complaint destroyed diversity jurisdiction. Reducing the number of Doe defendants from 100 to three does not cure this defect, as a single unknown defendant is enough to destroy diversity. *Molnar v. National Broadcasting, Co.*, et al., 231 F.2d 684, 685 (9th Cir. 1956). Plaintiffs must properly name defendants Does or remove them from this suit in order to survive a motion to dismiss.

### 2. DEFENDANT GLENBOROUGH.

The order granting defendants' motion to dismiss for lack of subject-matter jurisdiction held that plaintiffs had not properly alleged the citizenship of defendant Glenborough. Removing defendants Does from the premise liability cause of action and adding a cause of action against defendant Glenborough for landlord's failure to protect does not cure this deficiency because defendant Glenborough's citizenship still has not been alleged. For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP, et al.*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiffs must allege Glenborough's citizenship to survive a motion to dismiss.

### 3. PLAINTIFFS' STANDING AND CITIZENSHIP.

Any action in federal court must be brought in the name of the real party in interest. Fed. R. Civ. P. 17(a). Plaintiff decedent cannot enforce a claim and therefore is not the real

3

party in interest.  However, an executor or administrator may sue on behalf of a decedent's estate.  *Ibid*.  Plaintiffs' counsel stated at the hearing that she is the administrator of plaintiff decedent's estate.  In order to fulfill the diversity of citizenship requirement under Section 1332(a), plaintiffs' counsel must allege her citizenship.  If plaintiffs' counsel is a non-citizen permanent resident of the United States, she must allege her domicile status.  28 U.S.C. 1332(a)(2).

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion for leave to file a first amended complaint is **DENIED**.  Plaintiffs may seek leave to amend the complaint and will have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion, noticed on a 35-day track, for leave to file an amended complaint.  Plaintiffs must append to their motion a proposed amended complaint.  The motion should clearly explain how the amendments to the complaint cure the defects identified herein.  This order notes that plaintiffs' counsel has a state court action co-pending, evidently hedging as to whether she can plead proper subject-matter jurisdiction.

**IT IS SO ORDERED.**

Dated: March 27, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4