**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CINDY HUNG (deceased), LI CHING CHU, and ROBERT CHING LIANG HUNG, individually and as successors to Cindy Hung (deceased),

   Plaintiffs,

 v.

TRIBAL TECHNOLOGIES, GLENBOROUGH 400 ECR, LLC, a California Limited Liability Company, and Does 1 through 100, inclusive,

   Defendants.

No. C 11-04990 WHA

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND VACATING HEARING**

## INTRODUCTION

In this wrongful death action, plaintiffs move for leave to file a first amended complaint. For the following reasons, plaintiffs' motion is **DENIED**.

## STATEMENT

Plaintiff Cindy Hung (deceased) and plaintiffs Robert Ching Liang Hung and Li Ching Chu, individually and as successors in interest to Cindy Hung, filed this action in federal court on October 11, 2011. Plaintiffs named as defendants Tribal Technologies, employer of decedent, Glenborough 400 ECR, LLC, operator of the "breeze way" area of the building where decedent's body was found, and Does 1 through 100, inclusive, the individuals who allegedly beat decedent to death. The original complaint alleged eight state-law claims for relief: (1) assault; (2) battery;

1  (3) intentional infliction of emotional distress; (4) negligence; (5) negligent supervision and
2  retention; (6) premise liability; (7) wrongful death; and (8) survival action.  Less than a week
3  before filing this action, plaintiffs also filed an action in the San Mateo County Superior Court,
4  alleging the same state-law claims for relief.

5       On January 6, 2012, an order issued granting defendants' motion to dismiss for lack of
6  subject-matter jurisdiction (Dkt. No. 35).  The order granted defendants' motion for two reasons:
7  (1) "plaintiffs d[id] not allege the citizenship of defendant Glenborough 400 ECR, LLC's
8  owner/members," and (2) the "inclusion of Doe defendants destroy[ed] the complete diversity
9  requirement" (*ibid.*).  Plaintiffs were given 21 calendar days to seek leave to file an amended
10 complaint.

11      Plaintiffs timely filed a proposed first amended complaint on January 26, 2012 (Dkt.
12 No. 39).  In the amended complaint, Does 1 through 100 were changed to Does 1 through 3.
13 Also, defendants Does were removed from the premise liability claim so that Glenborough
14 remained as the only defendant in that cause of action, and a new claim for landlord's failure to
15 protect was made against only Glenborough.  Defendants Tribal Technologies and Glenborough
16 filed separate oppositions.  Plaintiffs did not file a reply.

17      At a hearing on March 22, plaintiffs' counsel, who is decedent's sister, stated that she
18 had been assigned as administrator of decedent's estate.  She claimed that she is Canadian, lives
19 in California, has a home in Canada, and does not have full-time employment in either Canada
20 or California.  Plaintiffs' counsel also stated at the hearing that she does not do trial work.
21 The Court explained to plaintiffs' counsel that it was doing everything it could to legitimately
22 keep this suit in federal court, but because plaintiffs' counsel appeared not to understand
23 subject-matter jurisdiction, the Court suggested that she seek the help of a lawyer experienced
24 in federal litigation.  She has not.

25      The Court subsequently denied plaintiffs' motion to file a first amended complaint
26 for the following reasons:  (1) reducing the number of Doe defendants from 100 to three still
27 destroyed complete diversity; (2) plaintiffs failed to allege defendant Glenborough's citizenship;
28 and (3) plaintiffs' counsel failed to allege either her own citizenship or domicile if she is a

non-citizen permanent resident of the United States and planned to sue as administrator of decedent's estate (Dkt. No. 56). Plaintiffs now move for a second time for leave to file a first amended complaint. Defendants have opposed. Plaintiffs did not reply.

**ANALYSIS**

Under Rule 15, leave to amend should be given when justice so requires. The underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings or technicalities. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In the absence of an apparent reason, such as undue delay, bad faith, undue prejudice, or futility of amendment, leave should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In assessing these factors, all inferences should be made in favor of granting the motion. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient . . . [The] proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1949–50. A "formulaic recitation of a cause of action's elements" is not enough. *Twombly*, 550 U.S. at 555.

Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction must be affirmatively alleged. *Bautista v. Pan Am. World Airlines*, 828 F.2d 546, 552 (9th Cir. 1987). Generally, federal subject-matter jurisdiction may be established where the claims raise a federal question or where there is diversity of parties.

3

The burden of establishing diversity jurisdiction falls on the party asserting it. *Kokkonen*, 511 U.S. at 377.

Plaintiffs claim jurisdiction based on diversity of citizenship. Diversity must exist at the time the lawsuit was filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004). Complete diversity is required. "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. 1332(a).

### 1. PLAINTIFFS' COUNSEL LYNDA HUNG'S STANDING AND CITIZENSHIP.

Any action in federal court must be brought in the name of the real party in interest. FED. RULE CIV. PROC. 17(a). Plaintiff decedent cannot enforce a claim and therefore is not the real party in interest. However, an executor, administrator or party authorized by statute may sue on behalf of a decedent's estate. *Ibid*. California Code of Civil Procedure authorizes a successor in interest to bring suit where an estate lacks a personal representative. CAL. CODE CIV. PROC. § 377.30.

Defendants argue that plaintiffs' counsel has still failed to allege her citizenship. Plaintiffs' counsel stated at the March 22 hearing that she is the administrator of plaintiff decedent's estate. The Court previously denied leave to amend because plaintiffs' counsel, if suing in her capacity as administrator, had failed to identify her citizenship as required (Dkt. No. 56 at 4). Plaintiffs' proposed first amended complaint is devoid of any allegation that Lynda Hung is suing as administrator of decedent's estate. The only parties alleged to have an interest are decedent's parents. It is unclear if plaintiffs' counsel's previously asserted role as administrator of decedent's estate has changed. Reading the complaint in a light most favorable to plaintiffs, this order infers that all claims are now being brought by decedent's successors in interest — decedent's parents — who are alleged to be Taiwanese citizens (First Amd. Compl. ¶¶ 4–5).

This order holds that defendants' argument regarding plaintiffs' counsel's citizenship is moot.

4

### 2.  DEFENDANT GLENBOROUGH'S CITIZENSHIP.

For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP, et al.*, 437 F.3d 894, 899 (9th Cir. 2006).

Plaintiffs were also instructed to properly assert Glenborough's citizenship (Dkt. No. 56 at 3). Plaintiffs now assert that Glenborough is a Delaware corporation and resident, and that its owners and members are residents of Delaware and New York (First Amd. Compl. ¶ 7). Defendants have not challenged plaintiffs' assertion. Therefore, this order holds that defendant Glenborough's citizenship has been adequately pleaded.

### 3.  PLAINTIFFS' FIRST AMENDED COMPLAINT STILL CONTAINS DOE DEFENDANTS.

Plaintiffs have removed all references to Doe defendants and replaced them with the term "Agents" (Br. 2). While this has in form removed any reference to Doe defendants, in substance this change makes no difference. A single unidentified party, whether referred to as "Agent" or "Doe" still defeats diversity. *Molnar v. Nat'l Broad., Co., et al.*, 231 F.2d 684, 685 (9th Cir. 1956). Plaintiffs were instructed to properly name the unidentified defendants or remove them from this suit in order to survive a motion to dismiss. Because they have failed to do so, complete diversity is lacking and amendment would be futile. This issue has already been explained to plaintiffs in two orders and at a hearing.

### 4.  PLAINTIFFS' PENDING STATE COURT ACTION.

Plaintiffs currently have a pending state court action which alleges all the claims alleged herein. Because plaintiffs' original complaint was dismissed for lack of subject-subject matter jurisdiction, and because plaintiffs have now failed twice to cure this deficiency, the Court, after doing everything within its power to keep plaintiffs legitimately here, is left with no choice but to deny plaintiffs leave to amend.

### CONCLUSION

For the foregoing reasons, plaintiffs' second motion for leave to file a first amended complaint is **DENIED**. Further amendment practice will not be allowed given the number of generous re-pleading opportunities already provided. All of plaintiffs' claims against defendants

5

are **DISMISSED WITHOUT LEAVE TO AMEND**.  Plaintiffs will have to proceed on their existing state court action.

**IT IS SO ORDERED.**

Dated:  May 9, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE