IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY K. HUNG (deceased), LI CHING CHU and ROBERT CHING LIANG HUNG, individually and as successors to Cindy Hung (deceased),<br><br>Plaintiffs,<br><br>v.<br><br>TRIBAL TECHNOLOGIES and GLENBOROUGH 400 ECR, LLC,<br><br>Defendants. | No. C 11-04990 WHA<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR JUDICIAL NOTICE AND RULE 54(B) CERTIFICATION** |

**INTRODUCTION**

In this diversity action alleging wrongful death, one defendant moves for summary judgment based on res judicata. That defendant also requests judicial notice of numerous court filings from this action and a parallel state action. To the extent stated, and subject to the conclusion of this order, both the motion and the request for judicial notice are **GRANTED**.

**STATEMENT**

The background of this action is set forth in prior orders (*see, e.g.*, Dkt. Nos. 64, 104). On October 11, 2011, plaintiffs Cindy K. Hung (deceased) and her parents, Li Ching Chu and Robert Ching Liang Hung, began this action against defendants Tribal Technologies and Glenborough 400 ECR, LLC. Five days earlier, plaintiffs also began a parallel state action alleging many of the same claims against Tribal Technologies and Glenborough.

Here is the essence of both actions. According to the operative complaints, Cindy began working for Tribal Technologies in January 2010. Her work environment allegedly turned hostile when she declined to go on a date with her supervisor, who later emotionally abused her by "calling her incompetent" and "reprimanding [her] without reason or justification." Reportedly, other co-workers also contributed to Cindy's hostile work environment, and Tribal Technologies' managers took advantage of female employees by asking them for sexual favors and threatening to fire them from their jobs. On October 21, 2010, Cindy's body was found on the rooftop of a breezeway area of her office's building, after co-workers had allegedly beaten her into unconsciousness, dumped her body into the breezeway area, and left her there to die. The operative complaints further assert that Tribal Technologies, its employees, and Glenborough (which operates the building) have since covered up Cindy's death by giving false information to the coroner's office and San Mateo police investigators.

Significantly, in the state action, Glenborough has already been dismissed after several demurrers and amended pleadings. On the first amended complaint, the state trial court granted Glenborough's demurrer of plaintiffs' causes of action for premises liability and wrongful death because plaintiffs had failed to allege "the element of a reasonably foreseeable risk" (Depasquale Exh. G at 2). Then, plaintiffs filed an unverified second amended complaint in the state action, but omitted those claims against Glenborough (*i.e.*, omitted the premises liability and wrongful death claims). Nonetheless, plaintiffs were permitted to file a third amended complaint, asserting obstruction of justice by Glenborough under Sections 1503 and 1510 of Title 18 of the United States Code. Thereafter, the state trial court granted Glenborough's demurrer on that third amended complaint, finding that no private right of action existed under Sections 1503 and 1510. Without any causes of action left as to Glenborough, the state trial court entered a judgment of dismissal for Glenborough on August 2, 2013. That judgment was then affirmed on appeal.

The result now is that Glenborough has prevailed in the state action but remains a party in the instant action where it is sued for premises liability and wrongful death.

In contrast, Tribal Technologies remains a party in both actions. On September 18, 2014, however, an order herein stayed the instant action as to Tribal Technologies because the same issues are being actively litigated in the state action.

The September 18 order did not stay the instant action as to Glenborough, allowing Glenborough to move for summary judgment based on the doctrine of res judicata (Dkt. No. 104). Glenborough has now done so. Having considered full briefing and oral argument from both sides, the Court now rules as follows.

## ANALYSIS

### 1. JUDICIAL NOTICE.

Glenborough seeks judicial notice of complaints, briefs, orders, and other court filings from the instant action and the state action (*see* Depasquale Exhs. A–O). Plaintiffs argue that those filings present inadmissible hearsay.

Not so. Glenborough seeks judicial notice of the court filings, not to use those filings to prove the truth of the matter asserted therein, but to show the causes of actions and rulings involved there, a perfectly permissible use of judicial notice. Our court of appeals has stated that "[w]e may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006). Accordingly, under Federal Rule of Evidence 201(b)(2), the request for judicial notice is **GRANTED**.

### 2. RES JUDICATA.

The sole ground for Glenborough's motion for summary judgment is res judicata. "[I]n [a] diversity case where only substantive state law is at issue[,] we apply the preclusion law that the [state] courts would apply." *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 884 (9th Cir. 2007). Here, California law requires three elements to apply res judicata:

> (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

*People v. Barragan*, 32 Cal. 4th 236, 253 (2004).

*First*, this order looks to whether both actions have identical claims "based on the same 'primary right,'" which in turn "depends on how the injury is defined" and "the set of facts, or transaction, from which the injury arose." *Fed'n of Hillside & Canyon Associations v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202–03 (2004). It is undisputed that both actions' operative complaints allege the same set of facts: that Cindy suffered a hostile work environment as a result of her supervisor, her co-workers, and Tribal Technologies, that she was beaten by her co-workers and left to die on the rooftop of a breezeway area of her office's building, and that Glenborough and others have since covered up Cindy's death. This order therefore finds that both actions involve claims on the same primary right.

*Second*, the state action has gone to a final judgment on the merits. "[A] general demurrer may be on the merits," but "[i]f the pleading defects are 'technical and formal' and can be corrected by a new pleading, the prior judgment will not have res judicata effect." *Perez v. Richard Roe 1*, 146 Cal. App. 4th 171, 184 (2006). Here, there is no such technical pleading defect. The record shows that every claim for relief now asserted against Glenborough in the instant action — *i.e.*, premises liability and wrongful death — was also previously asserted against Glenborough in the state action. But at the pleading stage in the state action, plaintiffs lost those causes of action on the merits (*i.e.*, as to premises liability and wrongful death) and did not appeal that adverse ruling on the merits (despite the opportunity to do so). Instead, plaintiffs decided to proceed with a substitute cause of action for obstruction of justice, but that too failed after the state trial court found no private cause of action under Sections 1503 and 1510 and judgment of dismissal for Glenborough was entered and affirmed on appeal. In sum, plaintiffs voluntarily chose not to appeal their loss on the merits on the premises liability and wrongful death causes of action in the state proceeding, and instead chose to stand only on their obstruction of justice cause of action as to Glenborough (even though all of plaintiffs' claims arose out of the very same fact pattern). On appeal, they lost and final judgment was entered. The result now is that plaintiffs have acquiesced in the loss of those earlier two causes of action, and that such acquiescence has merged into the state action's judgment for Glenborough. *See Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 327 (9th Cir. 1995).

4

*Third*, it is uncontested that plaintiffs were parties in both actions. As a result, the final element for res judicata is met, such that res judicata bars plaintiffs' claims against Glenborough in the instant action.

In opposing the present motion, plaintiffs make no argument about the elements of res judicata. Rather, they contend that summary judgment must be denied because Glenborough has produced no discovery in either action, and that "[o]ne genuine issue of material is whether Glenborough . . . met its duty to prevent criminal acts from occurring [on] the premises." To that end, plaintiffs request an "opportunity for discovery so as to raise a genuine issue of fact" under Federal Rule of Civil Procedure 56, concerning the "presence of video surveillance, the existence of security personnel witnesses, Glenborough's obstinate refusal to produce evidence, and its participation in the cover-up of Cindy's murder" (Opp. 2–3).

This order disagrees. The problem is that plaintiffs have not shown a genuine issue of material fact or need for discovery as to *res judicata*. "As to materiality, the substantive law will identify which facts are material," and here, the determinative legal issue is that of res judicata. As such, the material facts concern whether the state action has triggered res judicata to bar plaintiffs' claims in the instant action, and not whether Glenborough has produced discovery or been involved in the alleged cover-up of Cindy's death. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

It is true that Rule 56(d) permits a district court judge to allow discovery, but that is "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Here, plaintiffs do not explain why they need discovery to oppose Glenborough's motion on res judicata (Opp. 3). Indeed, many of the filings from the state action have already been submitted to the undersigned judge to show that there are identical claims and parties in both actions. Subject to the conclusion of this order, the motion for summary judgment is therefore **GRANTED**.

**CONCLUSION**

To the extent stated, Glenborough's motion for summary judgment based on res judicata is **GRANTED**. Judgment only as to Glenborough will be entered in an accompanying order. This action otherwise remains stayed as to Tribal Technologies, as stated in the September 18 order (Dkt. No. 104). For plaintiffs and Tribal Technologies, please remember to file the status reports on the progress of the state action by **DECEMBER 18, 2014**. Among other details, each side's status report will address the status of discovery and any motions made in the state action, limiting each report to no more than **TEN PAGES**.

Although Glenborough will no longer be a party herein, subject to appeals, it will still be subject to third-party discovery at the behest of the remaining parties herein and will be well-advised to make a positive effort to retain all relevant evidence. The Court encourages plaintiffs' counsel to serve subpoenas for the video tapes in the state court action and to do so promptly.

Because Glenborough will be dismissed from this action as a defendant, and because this order expressly determines that there is no just reason for delay, this order is hereby certified as appealable and final pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED.**

Dated:  November 12, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE