IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY K. HUNG (deceased), LI CHING CHU and ROBERT CHING LIANG HUNG, individually and as successors to Cindy Hung (deceased),<br><br>Plaintiffs,<br><br>v.<br><br>TRIBAL TECHNOLOGIES and GLENBOROUGH 400 ECR, LLC,<br><br>Defendants. | No. C 11-04990 WHA<br><br>**ORDER DENYING MOTION TO COMPEL, DENYING MOTION FOR SANCTIONS**, **AND REFERRING ATTORNEY LYNDA HUNG TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT** |

**INTRODUCTION**

In this diversity action alleging wrongful death, one defendant has been dismissed and the case against the other is currently stayed pending parallel litigation in state court. Now, plaintiffs move to compel the already-dismissed defendant to comply with a recently-served subpoena. For the reasons stated herein, plaintiffs' motion is **DENIED**.

**STATEMENT**

The background of this action is set forth in prior orders (*see, e.g.*, Dkt. Nos. 64, 104, 117). In October 2011, plaintiffs Cindy K. Hung (deceased) and her parents, Li Ching Chu and Robert Ching Liang Hung, began this action against defendants Tribal Technologies and Glenborough 400 ECR, LLC. Five days earlier, plaintiffs also began a parallel state action alleging many of the same claims against Tribal Technologies and Glenborough.

1    Here is the essence of both actions. Cindy began working for Tribal Technologies in
2 January 2010. Her work environment allegedly turned hostile when she declined to go on a
3 date with her supervisor. Other Tribal Technologies' managers had also allegedly taken
4 advantage of female employees by asking them for sexual favors and threatening to fire them
5 from their jobs. In October 2010, Cindy's body was found on the rooftop of a breezeway area
6 of her office's building, after co-workers had allegedly beaten her into unconsciousness,
7 dumped her body into the breezeway area, and left her there to die. The operative complaints
8 further assert that Tribal Technologies, its employees, and Glenborough (which operates the
9 building) have since covered up Cindy's death by giving false information to the coroner's
10 office and San Mateo police investigators.

11    In August 2013, the state court dismissed Glenborough from that suit and entered
12 judgment in its favor. That judgment was then affirmed on appeal. In November 2014, an
13 order granted Glenborough's motion for summary judgment in this federal action based on res
14 judicata (Dkt. No. 117). Plaintiff then appealed that order and the appeal remains pending.

15    In contrast, Tribal Technologies remains a party in both actions. In September 2014,
16 however, an order herein stayed the instant action as to Tribal Technologies because the same
17 issues are being actively litigated in the state action (Dkt. No. 104). The state court litigation
18 against Tribal Technologies is ongoing and the instant action thus remains stayed.

19    In January 2015, after Glenborough had been dismissed from this action and while it
20 was stayed as to Tribal Technologies, plaintiffs served Glenborough with a subpoena requesting
21 the following:

> Video surveillance for 400 South El Camino Real, City and County of San Mateo, California 94402 for October 21, 2010, records of employees ingress and egress for Tribal Technologies/Tribal Brands located at 400 El Camino Real, SUITE 850, San Mateo, CA 94402 visitors log.

25 Glenborough responded with a set of objections one week after being served with the subpoena.
26    Now, eleven months after receiving Glenborough's objections, plaintiffs have filed the
27 instant motion to compel Glenborough to comply with the subpoena. In plaintiffs' briefing,
28

2

1 they also state that they have filed a motion to compel in the state court action (Reply at 2).
2 Plaintiffs also move for sanctions against Glenborough.

3      At oral argument, the parties were asked to submit a report summarizing what happened
4 at the state court hearing on the motion to compel, which occurred on January 26. The parties
5 responded that the state court denied the motion to compel because plaintiffs' subpoena
6 contained incorrect dates. This order notes that plaintiffs' response contained numerous
7 inappropriate and unprofessional statements. Specifically, plaintiffs' counsel Lynda Hung
8 stated, in regards to defense counsel: "DePasquale is not above lying and flaunting the law with
9 impunity by giving the court a lot of bullshit. . . . she is a bullshit lawyer who has no idea how
10 to contest a tentative ruling." Attorney Hung's response went on to state: "If the law of this
11 court offer [sic] us no recourse, the law of God will ensure that blood debts be repaid with
12 blood" (Dkt. No. 142 at 3, 6). This order follows full briefing and oral argument.

**ANALYSIS**

Plaintiffs' motion fails for multiple reasons. *First*, there is no active matter pending before this Court. As stated above, an order dismissed Glenborough as a defendant over a year ago and the rest of the case is currently stayed pending the state court litigation. Thus, there is no basis for ongoing discovery in this federal case. For the pending state court case against Tribal Technologies, plaintiffs should bring any discovery issues to the state court judge. As stated above, plaintiffs stated that the state court denied their motion to compel based on date issues and plaintiffs plan to file a new motion.

Plaintiffs main argument in support of their motion is that the undersigned judge greenlighted a subpoena for the requested videos. Not so. Specifically, at the November 2014 hearing on Glenborough's motion for summary judgment, the undersigned stated as follows (Dkt. No. 130 at 4–5):

> If I grant this motion, there's going to be an order to you to make sure everything is preserved. And even if you get out of the case, the other side is entitled to subpoena you for that information. . . . I would enforce that subpoena, because the case is — well, the case is stayed before me, so I wouldn't enforce it yet. But if the case goes forward here, I would enforce a reasonable subpoena to get those — whatever tapes exist for the night in question, to see if they shed light on this problem.

3

As is clear from the transcript, the subpoena against Glenborough would only be enforced once the stay in our case had been lifted. Currently, the stay is still in place and the state court litigation is ongoing. Moreover, the order granting Glenborough's motion for summary judgment stated as follows (Dkt. No. 117 at 6): "The Court encourages plaintiffs' counsel to serve subpoenas for the video tapes in the state court action and to do so promptly." To reiterate, state court is the proper venue for plaintiffs' discovery dispute.

*Second*, plaintiffs have provided no reason or justification for their delay in seeking relief. As stated above, plaintiffs received Glenborough's objections in January 2015. Yet, they waited until December 2015 to file the instant motion to compel. Plaintiffs' offer no excuse or justification for this delay.

*Third*, as plaintiffs concede in their briefing, they have not complied with Rule 37's meet-and-confer requirement. Under Rule 37(a)(1), a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiffs have not filed any such certification and Glenborough states that no efforts to meet and confer were made.

Plaintiffs argue that the discussion of the subpoena at the November 2014 hearing somehow satisfied Rule 37's meet-and-confer requirement. This is an absurd argument. Rule 37(a)(1) plainly states that a party seeking to compel discovery must file "a certification that the movant has in good faith conferred or attempted to confer" with the other party. No such certification has been filed, in clear violation of the rule.

**CONCLUSION**

For the reasons stated above, plaintiffs' motion to compel is **DENIED**. Plaintiffs' motion for sanctions is **DENIED**.

Because of the troubling professional nature of Attorney Lynda Hung's statements in her response (Dkt. No. 142), the **CLERK IS HEREBY ORDERED TO REFER ATTORNEY LYNDA HUNG TO THE STATE BAR**. The Court is especially concerned about Attorney Hung's statements that: "If the law of this court offer [sic] us no recourse, the law of God will ensure

4

that blood debts be repaid with blood" and "DePasquale is not above lying and flaunting the law with impunity by giving the court a lot of bullshit" (*id*. at 3, 6).  Additionally, in accordance with Civil Local Rule 11–6, the **CLERK SHALL PLEASE REFER THIS MATTER TO THE NORTHERN DISTRICT OF CALIFORNIA'S STANDING COMMITTEE ON PROFESSIONAL CONDUCT**.

**IT IS SO ORDERED.**

Dated: February 1, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE