IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CINDY K. HUNG (deceased), LI CHING CHU and ROBERT CHING LIANG HUNG, individually and as successors to Cindy K. Hung (deceased),

Plaintiffs,

v.

TRIBAL TECHNOLOGIES and GLENBOROUGH 400 ECR, LLC,

Defendants.

No. C 11-04990 WHA

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

In this diversity action alleging wrongful death, the final remaining defendant moves for summary judgment based on res judicata. For the following reasons, the motion is **GRANTED**.

**STATEMENT**

In October 2011, plaintiffs Cindy Hung (deceased) and her parents, Li Ching Chu and Robert Ching Liang Hung, brought this action against defendants Tribal Technologies, Inc., and Glenborough 400 ECR, LLC. Plaintiffs also brought a parallel state action in the Superior Court of San Mateo County alleging many of the same claims against Tribal Technologies, Glenborough, and additional individual defendants.

Here is the essence of both actions. According to the operative complaints, Cindy began working for Tribal Technologies in January 2010. Her work environment allegedly turned

hostile when she declined to go on a date with her supervisor, who later emotionally abused her by "calling her incompetent" and "reprimanding [her] without reason or justification." Reportedly, other co-workers also contributed to Cindy's hostile work environment, and managers at Tribal Technologies took advantage of female employees by asking them for sexual favors and threatening to fire them from their jobs. On October 21, 2010, Cindy's body was found on the rooftop of a breezeway area of her office's building after co-workers had allegedly beaten her into unconsciousness, dumped her body into the breezeway area, and left her there to die. The operative complaints further asserted that defendant and its employees have since covered up Cindy's death by giving false information to the coroner's office and San Mateo police investigators.

In August 2013, the state court dismissed Glenborough from that suit and entered judgment in its favor. The California Court of Appeal affirmed. The undersigned judge thereafter stayed the action as to Tribal Technologies, and granted Glenborough's motion for summary judgment based on res judicata. Our court of appeals affirmed (Dkt. Nos. 102, 117, 163).

In September 2016, the state court granted summary judgment for defendant Tribal Technologies. The California Court of Appeal affirmed (Knight Exh. D, Townsend Exh. A). The undersigned judge thereafter lifted the stay as to Tribal Technologies. The result now is that Tribal Technologies has prevailed in the state action, but remains a defendant in the instant action.*

**ANALYSIS**

Res judicata is the sole ground for the instant motion. Federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (citation omitted). Here, California law requires three elements for res judicata to apply: "(1) A claim or issue raised in the present action is identical to a claim

---

\* Accompanying the instant motion for summary judgment is a request for judicial notice of complaints, orders, and other court filings from the instant action and the state court action (Knight Exhs. A–F, Townsend Exh. A). This request is unopposed by plaintiffs, and is **GRANTED**.

2

or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *People v. Barragan*, 32 Cal. 4th 236, 253 (2004). As explained below, all three elements are satisfied.

*First*, the claims in the instant action are identical to those in the state court proceeding. Claims are identical when they are based on the same primary right. *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003) (applying California law). To determine if claims are based on the same primary rights, courts look to "the rights sought to be vindicated and, specifically, the claimed harm." *Ibid.* Here, in both the state and federal actions, the operative complaints alleged the same claimed harm: that Cindy suffered a hostile work environment as a result of her supervisor, her co-workers, and Tribal Technologies; that she was beaten by her co-workers and left to die on the rooftop of a breezeway area of her office's building; and that Tribal Technologies and others have since covered up Cindy's death. This order finds that both actions involve claims based on the same primary right, and are therefore identical.

*Second*, the state action resulted in a summary judgment, which, under California law, is a final judgment on the merits. *Stuart v. Lilves*, 210 Cal. App. 3d 1215, 1219 (1989).

*Third*, the party against whom res judicata is being asserted was a party to the prior proceeding. Plaintiffs attempt to argue that the parties are different between the state and federal actions because the federal court action named Tribal Technologies and the state court action named individual defendants. This misses the mark both factually and legally. Not only was Tribal Technologies named as a defendant in *both* the federal and state actions, but the legal standard looks to the party *against whom* res judicata is being asserted. *Barragan*, 32 Cal. 4th at 253. Here, defendant asserts res judicata against the same plaintiffs it faced in the state action.

As a result, all elements are satisfied such that res judicata bars plaintiffs' claims against Tribal Technologies in the instant action.

3

In opposing the present motion, plaintiffs argue that questions of material fact remain as to the underlying claims. This order need not address this argument because res judicata applies.

## CONCLUSION

The Court again extends its condolences to plaintiffs for the loss of their loved one. Nevertheless, under the law of res judicata, defendant Tribal Technologies' motion for summary judgment must be **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 12, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE